**EXHIBIT H**

**rpm@rpmlawny.com**

| | |
|---|---|
| **From:** | Rafferty, Lisa <Lisa.Rafferty@FOX.COM> |
| **Sent:** | Monday, July 12, 2021 6:12 PM |
| **To:** | rpm@rpmlawny.com |
| **Subject:** | RE: La Liberte v. Eisner |

Hello, if you are able to serve a valid subpoena on Mr. Eisner, we would file a motion to quash on the grounds that Mr. Eisner is protected from having to be deposed in this matter by the free speech and press provisions of the United States Constitution. The Ninth Circuit recognizes a qualified privilege for unpublished newsgathering materials. See, e.g. Shoen v. Shoen, 48 F.3d 412, 416 (9th Cir. 1995) ("Shoen II"). In the ordinary civil case, the litigant's "interest in disclosure should yield to the journalist's privilege." Id. (internal quotation omitted). Furthermore, this privilege applies to both confidential and non-confidential information. See Shoen v. Shoen, 5 F.3d 1289, 1295 (9th Cir. 1993) ("[T]he journalist's privilege applies to a journalist's resource materials even in the absence of the element of confidentiality…").

In Shoen II, the Ninth Circuit explained that "a civil litigant is entitled to requested discovery notwithstanding a valid assertion of the journalist's privilege by a nonparty only upon a showing that the requested material is: (1) unavailable despite exhaustion of all reasonable alternative sources; (2) noncumulative; and (3) clearly relevant to an important issue in the case." Schoen II, 48 F.3d at 416. It is unclear to me how you would satisfy this burden under the present circumstances.

**From:** rpm@rpmlawny.com <rpm@rpmlawny.com>
**Sent:** Monday, July 12, 2021 1:49 PM
**To:** Rafferty, Lisa <Lisa.Rafferty@FOX.COM>
**Subject:** RE: La Liberte v. Eisner

Lisa:

I apologize for not identifying myself. I got a new computer recently. My old one automatically identified me by name above my Email address. My name is Ronald P. Mysliwiec. My address is 530 Third Street, Brooklyn, NY 11215. You are correct that I am one of the lawyers representing the plaintiff, Roslyn La Liberte. I substituted in as one of her counsel on about April 15, 2021. Thus, you won't find my name on the Complaint.

A number of states, including New York, have journalist Shield Laws. However, I know of no code or system of civil procedure that allows a journalist or anyone else not to honor a subpoena on grounds that his or her protections under the Shield law will be violated by having to show up for the deposition. The journalist has to appear and be asked questions first. Shield laws, like the 5th Amendment or priest-penitent privileges, can only be invoked in response to specific questions.

Best,
RPM

**From:** Rafferty, Lisa <Lisa.Rafferty@FOX.COM>
**Sent:** Monday, July 12, 2021 1:18 PM
**To:** rpm@rpmlawny.com
**Subject:** RE: La Liberte v. Eisner

Hello, I still don't know your name or who you represent, although I'm guessing you represent the plaintiff in this action.