# EXHIBIT I



TANTALO & ADLER LLP

Our File No. 30667-056

Joel M. Tantalo
Direct: (310) 734-8693
E-mail: jtantalo@ta-llp.com

**VIA E-MAIL & U.S. MAIL**
August 5, 2021

Ronald P. Mysliwiec, Esq.
**Law Offices of Ronald P. Mysliwiec**
530 Third St.
Brooklyn, NY 11215
email: rpm@rpmlawny.com

Re: *La Liberte v. Reid*
USDC EDNY Case NO. 1:18-CV-05398

Mr. Mysliwiec:

As noted in my email to you on Monday, August 2nd, we have been retained to represent Hal Eisner in connection with a subpoena commanding Mr. Eisner to sit for a deposition on August 18, 2021. I invited a call to discuss the matter but never heard back from you.

As I explained in my email, I am not available to represent Mr. Eisner at a deposition on August 18th.

More fundamentally, though, I have reviewed your proposed deposition questions and there does not appear to be any basis justifying a deposition of Mr. Eisner in this case – certainly not at this time – and hence this letter constitutes Mr. Eisner's objections to the subpoena and, to the extent you wish to pursue this matter further by motion practice, an invitation to meet-and-confer concerning the issues pursuant to Central District Local Rule 45-1, incorporating Local Rule 37.

The deposition subpoena is subject to being quashed under FRCP 45(d)(3)(A)(iii) and (B)(1) because it seeks information from a journalist that is privileged or confidential pursuant to the federal common law reporter's privilege and the California shield law. Furthermore, given those privileges and protections, the deposition subpoena would impose an undue burden on Mr. Eisner, and hence is also subject to being quashed under FRCP 45(b)(3)(A)(iv).

## THE FEDERAL REPORTER'S PRIVILEGE

The federal reporter's privilege is rooted in the First Amendment to the United States Constitution. "When facts acquired by a journalist in the course of gathering the news become the target of discovery, a qualified privilege against compelled disclosure comes into play." *Shoen v. Shoen*, 5 F.3d 1289, 1292 (1993) ("*Shoen I*"). Because the subpoena seeks testimony concerning "facts acquired by a journalist in the course of gathering the news", the federal reporter's privilege necessarily is implicated.






As the Ninth Circuit explained in *Shoen I*, the qualified privilege is a "partial First Amendment shield that protects journalists against compelled disclosure in all judicial proceedings, civil and criminal alike … [T]he privilege is a recognition that society's interest in protecting the integrity of the newsgathering process, and in ensuring the free flow of information to the public, is an interest of sufficient social importance to justify some incidental sacrifice of sources of facts needed in the administration of justice." *Id.* (internal quotations and citation omitted).

Thus, a subpoenaing party must "demonstrate a sufficiently compelling need for the journalist's materials to overcome the privilege. ***At a minimum, this requires a showing that the information sought is not obtainable from another source. In other words, before disclosure may be ordered, the requesting party must demonstrate that she has exhausted all reasonable alternative means for obtaining the information.***" *Id.* at 1296 (emphasis added; internal quotations and citations omitted).

In a subsequent appeal in the same case, the Ninth Circuit later explained that "***in the ordinary case the civil litigant's interest in disclosure should yield to the journalist's privilege.*** Indeed, if the privilege does not prevail in all but the most exceptional cases, its value will be substantially diminished." *Shoen v. Shoen*, 48 F.3d 412, 416 (9th Cir. 1995) ("*Schoen II*") (quoting *Zerilli v. Smith*, 656 F.2d 705, 712 (D.C. Cir. 1981) (emphasis added).

In *Schoen II*, the Ninth Circuit laid out the requirements for overcoming the qualified privilege when seeking non-confidential information from a non-party journalist in a civil case:[1]

> [W]here information sought is not confidential, a civil litigant is entitled to requested discovery notwithstanding a valid assertion of the journalist's privilege by a nonparty only upon a showing that the requested material is: (1) unavailable despite exhaustion of all reasonable alternative sources; (2) noncumulative; and (3) clearly relevant to an important issue in the case. We note that there must be a showing of actual relevance; a showing of potential relevance will not suffice.

*Shoen II*, 48 F.3d at 416 (emphasis added); *see also Michael v. Est. of Kovarbasich*, No. 15-00275-MWF, 2015 WL 8750643, at *4 (C.D. Cal. Dec. 11, 2015).

Plaintiff cannot satisfy the *Shoen II* test.

First, it appears that the parties in this action have not yet engaged in party depositions, much less non-journalistic, non-party percipient witnesses to the events about which you intend to inquire. Under *Schoen I*, that alone would justify quashing the subpoena. *Schoen I*, 5 F.3d at 1292 ("[B]efore disclosure may be ordered, the requesting party must demonstrate that she has exhausted all reasonable alternative means for obtaining the information."); *see also Michael*, 2015 WL 8750643 at *4 (plaintiff cannot possibly satisfy the test if it has not yet deposed the subject of the reporting).

---

[1] The qualified privilege is even stronger for confidential sources and information.





Second, regardless, the information you seek would be cumulative – most of your proposed questions necessarily involve multiple other percipient witnesses and hence, by definition, would be duplicative of discovery from them.

And third, in any event, the proposed questions are far from "clearly relevant to an important issue in the case." Indeed, none of them go to the elements of (or defenses to) plaintiff's lone claim for defamation against defendant.

Plaintiff could not satisfy any of the *Shoen II* factors, much less all of them.

**THE CALIFORNIA SHIELD LAW**

In addition to the federal reporter's privilege, the California shield law also applies to the subpoena. The free speech provisions of the California Constitution expressly provide that a journalist "shall not be adjudged in contempt … for refusing to disclose the source of any information procured … or for refusing to disclose any unpublished information obtained or prepared in gathering, receiving or processing of information for communication to the public." Cal. Const., Art I, § 2 (b). The California statute on which the constitutional amendment is based, entitled "Newsmen's Privilege – Unpublished Information" is nearly identical. Cal. Evid. Code § 1070.

The California Supreme Court has held that in the civil context, the California shield law is not a qualified privilege but rather an "***absolute immunity***" for non-party journalists – and hence "the shield law's protection can[not] be overcome in a civil action by a litigant's showing of need for the newsperson's unpublished information." *New York Times Co. v. Superior Ct.*, 51 Cal. 3d 453, 456 (1990) (distinguishing between party and non-party journalists).

Nearly all your proposed deposition questions seek unpublished newsgathering information, and those that do not seek such information are either irrelevant, can be obtained from alternative, non-journalistic sources, or both.

Given that Mr. Eisner is entitled to "absolute immunity" with respect to his unpublished newsgathering information, the California shield law would also justify quashing the subpoena. *New York Times*, 51 Cal. 3d at 456.

**CONCLUSION**

In light of the foregoing, I propose that we hold the subpoena in abeyance for now, while you first engage in party and non-journalistic non-party percipient witness discovery. Then, if you still believe it is necessary to take Mr. Eisner's deposition, we can revisit whether plaintiff has a basis to do so considering the qualified federal reporter's privilege and the unqualified California shield law immunity applicable to Mr. Eisner.

Alternatively, if you are not amenable to that proposed solution, we can proceed with the mandatory meet-and-confer process in advance of motion practice. If so, I understand that you are





about to leave on a vacation – I am as well. But please let me know when you are available to discuss the issues upon your return the week of August 16th (I return to the office on August 17th).

Sincerely yours,

Joel M. Tantalo

Joel M. Tantalo

cc (via email): Scott O. Luskin, Esq.
John H. Reichman, Esq.
David Yeger, Esq.
Marcellus A. McRae, Esq.
Marissa Moshell, Esq.
Theodore J. Boutrous, Jr., Esq.