Scott O. Luskin, Bar No. 238082
sol@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
200 N. Pacific Coast Highway, Suite 825
El Segundo, California 90245
Telephone: (310) 689-1750
Facsimile: (310) 689-1755

Ronald P. Mysliwiec
Law Offices of Ronald P. Mysliwiec
rpm@rpmlawny.com
530 Third Street
Brooklyn, New York 11215
Telephone: (718) 768-4581

Attorneys for Plaintiff Roslyn La Liberte

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ROSLYN LA LIBERTE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOY REID,<br><br>　　　　Defendant, | Case No. 2:21-mc-01070 DSF (KSx)<br><br>**SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO COMPEL HAROLD EISNER'S COMPLIANCE WITH DEPOSITION SUBPOENA**<br><br>Mag. Judge: Hon. Karen L. Stevenson<br>Date:　　　November 3, 2021<br>Time:　　　10:00 a.m.<br>Crtrm:　　　580 |

In opposing plaintiff's motion to compel non-party Hal Eisner to simply authenticate his widely broadcast interview of Joseph Luevanos on June 29, 2018, Mr. Eisner incorrectly argues that two separate sets of privileges afford him the ability to avoid giving such testimony.

First, he contends that the First Amendment to the United States Constitution accords him a qualified privilege. In support, Mr. Eisner relies most heavily on two Ninth Circuit opinions: *Shoen v. Shoen*, 5 F.3d 1289 (9th Cir. 1993) ("*Shoen* I"); and *Shoen v. Shoen*, 48 F. 3d 412 (9th Cir. 1995) ("*Shoen* II").

Neither decision stands for the proposition that the First Amendment protects a reporter from giving evidence relating exclusively to work that he or she has published. Instead, the *Shoen* cases analyze only whether a journalist's non-confidential, *unpublished* research materials ("outtakes, notes and unused information") should be protected from disclosure. The court answered by supplying a three-part test to be satisfied by someone seeking disclosure of such *unpublished* information. *Shoen II* at 416.

The *Shoen* cases place a journalist's unpublished but non-confidential newsgathering materials – in that case audio tapes and written notes – on a par with "confidential" news sources and materials. That had never been done before in this Circuit, and for that reason those cases (especially *Shoen* II) are notable.

To the extent that Mr. Eisner argues that either *Shoen* case set some sort of balancing test for disclosure of *published* information, he is flatly and plainly wrong. He appears to be seeking some form of blanket (and nonexistent) executive privilege for journalists.

Second, Mr. Eisner relies on the supposed absolute privileges accorded by the California Constitution and California Evidence Code. But *by their express language*, both provisions protect a journalist from disclosure of only *unpublished* work. *See* Cal. Const., Art I, §2(b); and Cal. Evid. Code §1070. Consequently, the

---

SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO COMPEL HAROLD EISNER'S COMPLIANCE WITH DEPOSITION SUBPOENA

privilege arising under those laws does not apply here either. That is why they are accorded so little space in Mr. Eisner's written argument.

Therefore, whether under the First Amendment or California law, a plaintiff has a right to every man's evidence. Ms. La Liberte should be permitted to obtain testimony in a short deposition regarding Mr. Eisner's published work.

Mr. Eisner's alternative arguments also fail. Mr. Eisner argues that plaintiff's motion to have Mr. Eisner authenticate his published interview pursuant to FRE 901 and 902, if successful, would amount to an implied invasion of any unpublished portion (*e.g.,* outtakes) of that video-taped interview. However, it is undisputed that no outtakes, notes or other unpublished materials exist from that interview. There should be little question that Mr. Eisner can easily authenticate his own interview. He has never asserted otherwise. In particular Mr. Eisner has not declared, although given the opportunity to do so, that providing simple, authentication testimony would require him to call upon anything that's protected.

Mr. Eisner makes another collateral legal assertion that, if he were compelled at deposition to authenticate his interview of Joseph Luevanos, his testimony would constitute a waiver of his journalistic privilege. But, as shown above, Mr. Eisner can claim no journalistic privilege here, since no unpublished materials – express or implied – are involved. Additionally, the legal authorities he cites in support of this argument are cases wherein a journalist or writer "took sides" in a dispute and voluntarily provided unpublished research information to one side, withholding it from the other. We have precisely the opposite situation here. Mr. Eisner has fought plaintiff's discovery efforts tooth and nail. If he testifies, it will only because this Court compels him to do so. If he has taken either party's side, it has been the side of defendant. If the notion of fundamental fairness comes into play, it favors plaintiff La Liberte, not defendant.

Mr. Eisner has also criticized plaintiff for not mechanically addressing each of the three aspects of the *Shoen* balancing test, but for focusing only on the

SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO COMPEL HAROLD EISNER'S COMPLIANCE WITH DEPOSITION SUBPOENA

relevance of the testimony sought. Once again, the *Shoen* balancing test does not apply here because no unpublished material is being sought. Even if the *Shoen* II balancing test were applied, there is no question upon whom the greater burden would fall. Plaintiff envisions an extraordinarily short Zoom deposition of Mr. Eisner. If he wishes, Mr. Eisner would not even have to leave his own home for that short proceeding.

      Mr. Eisner argues that, in order to be subject to such a minor inconvenience, plaintiff would first have to show that she has "attempted to depose everyone else at the [Simi Valley] meeting" *and* that Mr. Eisner's testimony would then have to be non-cumulative. First, such argument demonstrates just how unreasonable Mr. Eisner is being here. Second, it misses the point. Ms. La Liberte does not want Mr. Eisner's testimony about what was said at that meeting. He wasn't there. She wants his perfunctory, noncumulative authentication of a videotaped interview of Joseph Luevanos' characterization four days later, on June 29, 2018, of how he and Ms. La Liberte comported themselves in conversation (civilly) on June 25. Because of the nature of this lawsuit, that impression by Mr. Luevanos has an elevated significance. There were only three known witnesses to that interview: Mr. Eisner, Mr. Luevanos and Mr. Luevanos' mother. Plaintiff has provided the deposition transcripts of both Luevanoses to Mr. Eisner for purposes of this motion.

      Mr. Eisner attacks the relevance of his testimony on grounds that it is of use only for the allegedly disfavored purpose of impeachment. That argument is mere residue of the *Shoen* II balancing test, demonstrated above to be inapplicable here. Mr. Eisner also argues his Luevanos' interview is mere hearsay. That is not so. FRE 803(3) excludes from the definition of hearsay a declarant's "then existing state of mind … or emotional … condition … such as mental feeling …." In the close-on, Eisner interview, Mr. Luevanos gives no indication that his mental feeling was one of having been bullied by plaintiff. Indeed, the interview emphatically evidences the opposite. Also, FRE Rule 807(a) enumerates four residual exceptions to the

3

SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO COMPEL HAROLD EISNER'S COMPLIANCE WITH DEPOSITION SUBPOENA

hearsay rule. Each of the four exceptions arguably applies here, including Rule 807(a)(4): "admitting [hearsay] will best serve the purposes of these rules and the interests of justice."

Inappropriately, Mr. Eisner wants to foist upon this Court the ultimate burden of determining the admissibility of his authentication testimony at trial and the purposes for which it will be used. Surely that is the responsibility of the trial court to perform within the context of all the evidence it will then have before it. Making matters worse, Mr. Eisner rejected the opportunity to have this issue resolved by the court handling the matter under Federal Rule of Civil Procedure 45(f).

Defendant Joy Reid purports to take no position in this dispute, but submits several pages of unsworn and undocumented falsehoods, without even a declaration in support, whose shameful purpose is to smear Ms. La Liberte, an observant Jew, as a violent White supremacist, in hopes of prejudicing this Court against her. This has been defendant's strategy from the outset of this politically-charged case. Fortunately, the Second Circuit has already seen through this transparent stratagem. *See La Liberte v. Reid*, 966 F.3d 79 (2d Cir. 2020).

Plaintiff La Liberte knows of no Constitution, statute or case that would extend a journalist's privilege to cover Mr. Eisner's authentication of his published broadcast. Such extension here should be denied and Mr. Eisner should be compelled to give the limited deposition testimony sought here by plaintiff. "Discovery should ordinarily be allowed unless the information sought has no conceivable bearing on the case (citation omitted.)" *Travelers Indemnity Co. v. Trumpet, Inc.,* 8:19-cv-01036-PSG (JDEx), 2020 U.S. Dist. LEXIS 166187 at *2-3 (C.D. Cal. May 8, 2020).

Dated: October 20, 2021      /s/ *Scott O. Luskin*

Scott O. Luskin
PAYNE & FEARS LLP
200 N. Pacific Coast Hwy., Suite 825
El Segundo, CA 90245
Tel: (310) 689-1750
Fax: (310) 689-1755

and

Ronald P. Mysliwiec
Law Offices of Ronald P. Mysliwiec
rpm@rpmlawny.com
530 Third Street
Brooklyn, New York 11215

Attorneys for Plaintiff Roslyn La Liberte

4830-4480-3839.1

---

5
SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO COMPEL HAROLD EISNER'S COMPLIANCE WITH DEPOSITION SUBPOENA

# PROOF OF SERVICE

*Roslyn La Liberte v. Joy Reid*
**United States District Court Case No. 2:21-mc-01070 DSF (KSx)**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On October 21, 2021, I served true copies of the following document(s) described as **SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO COMPEL HAROLD EISNER'S COMPLIANCE WITH DEPOSITION SUBPOENA** on the interested parties in this action as follows:

| | |
|---|---|
| John Reichman<br>John Reichman Law LLC<br>475 Seventh Ave.<br>New York, NY 10123<br>Tel.: (917) 626-8025<br>Email: john@johnreichmanlaw.com | **Attorneys for Defendant Joy Reid** |
| Theodore J. Boutrous Jr.<br>Marissa Mulligan<br>Melanie Sava<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Tel: (213) 229-7240<br>Email:<br>TBoutrous@gibsondunn.com<br>MMulligan@gibsondunn.com<br>MSava@gibsondunn.com | **Attorneys for Defendant Joy Reid** |
| Joel M. Tantalo<br>TANTALO & ADLER LLP<br>1801 Century Park East, Suite 2400<br>Los Angeles, CA 90067<br>Tel.: (310) 734-8695<br>Email: jtantalo@ta-llp.com | **Attorneys for Respondent Harold Eisner** |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from the e-mail address, pdavid@paynefears.com, to the e-mail address(es) listed above.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by e-mail.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 21, 2021, at Irvine, California.

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Patricia David
　　　　　　　　　　　　　　　　　　　　　　　　Patricia David

**SERVICE LIST**
**Roslyn La Liberte v. Joy Reid**
**United States District Court Case No. 2:21-mc-01070 DSF (KSx)**

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO COMPEL HAROLD EISNER'S COMPLIANCE WITH DEPOSITION SUBPOENA